# United States Court of Appeals for the Federal Circuit



# Key Rule Changes – April 2016

Key changes to the Federal Circuit local rules are included below as a courtesy to assist you in perfecting your appeal. **Cases opened on or after April 1, 2016 must comply with the updated rules.** For complete details, please review the current rules and potential future changes by visiting the Court's online Rules and Notices pages at: www.cafc.uscourts.gov.
**Appeals, New** *Rule 12 - Practice Notes*: Clarifies that any objection to an official caption should be made *promptly* after docketing of the appeal.

**Briefs**
- *Rule 28(a)(11):* A document that is included in both the addendum and appendix must have the same page numbering. For example, if in the appendix a judgment in question is numbered Appx7-10, it must also be numbered Appx7-10 in the addendum.
- *Rule 28 – Practice Notes:* Any party may place the language of a patent or claim at issue on the inside of the front cover of the brief; this duplicate language is not counted towards the word count.

**Certificate of Interest**
- *Rule 47.4(a) and (b):* Identify the parent corporation or any publicly held corporation that owns 10% or more of its stock for each party you represent (not as a group).
    - ONLY list the required law firms and the partners and associates that **are not already listed on the docket in the current case;**
    - When ownership, representation or contact information changes an updated COI must be filed when the change occurs.

**Citations**
- *Rule 28(a)(11) and 28(f):* Requires appendices, supplemental appendices and addendum material to be numbered using the abbreviation "Appx" or "SAppx" followed by the page number, and to be referenced in the briefs accordingly. Review the Appendix Reference Formatting Best Practices Guide, on the CM/ECF Reference Materials page of our public web site www.cafc.uscourts.gov:
- *Rule 30(b)(4)(E):* Requires the use of Bates numbering for all pages of an appendix or supplemental appendix. Refer to the Adding Bates Number Guide available on the CM/ECF web page, Reference Materials.

**Confidential Material** *Rule 27(m) and Rule 28(d): N*o material in a brief, motion, response, or reply shall be marked confidential – The exceptions are as follows: Each brief, motion, response, or reply **may mark confidential up to fifteen (15) words** if the information (1) was treated in the matter under review as confidential pursuant to a judicial or administrative protective order and (2) such marking is authorized by statute, administrative regulation, or court rule (such as Federal Rule of Civil Procedure 26(c)(1)). A **50-word limit** applies in cases arising under 19 U.S.C. § 1516a or 28 U.S.C. § 1491(b).
- A motion, response or reply including confidential material must be accompanied by a certificate that the motion, response or reply complies with the word limitation. The form can be embedded within the brief or filed separately.

- Federal Circuit Form 31 is a suggested form of the certificate of compliance with this rule. It is the responsibility of the filing party to ensure that its certificate of compliance is accurate. **When you file a confidential document in CM/ECF, you will be asked to confirm that your document is compliant with all confidentiality requirements and/or that you have simultaneously filed a motion to waive the confidentiality requirements, if applicable (see *Figure 1* below).**
- To confirm, simply select the check box as indicated in *Figure 1* and then select **OK**.

Figure 1. Confidential Brief Tendered Event



**Copies, Number of -** The number of copies of briefs, appendices, motions, petitions for rehearing, and other documents are incorporated by reference Fed. Cir. R. 25.

    **Appendix, Preparing an** *Rule 30(a)(5) and 30(h):* Appendix required copies count reduced to 6 from 12.
    **Briefs** *Rule 31(b):* The number of paper copies of briefs for filing reduced to 6 from 12.
    **Petitions for Hearing or Rehearing En Banc** *Rule 35(c)(4) and (f):* Original copy is no longer required to be filed. A copy of the nonconfidential version is no longer required to be served on each party separately represented.

**Email Address:** The addition of a contact email address is required pursuant to *Rule15(a), Rule 47.3(b), Rule 47.3(c)(1)(2), Rule 46(e) and Rule 8(c).*

**Entry of Appearance (EOA)** *Rule 47.3:* If an attorney's entry of appearance is first submitted after a case is assigned to a merits panel, the appearance will be treated as a motion to appear. Counsel must immediately file an updated EOA if representation changes. This included a change in contact information. Electronic filers must also report a change in contact information to the PACER Service Center.

**Filing and Service** *Rule 25*: Incorporates the provisions of the May 2012 Administrative Order regarding electronic filing.

**Forms:** Review the new forms on the website at: www.cafc.uscourts.gov. Most of the forms have been updated, specifically forms 8 (Entry of Appearance) and 9 (Certificate of Interest – now, identify the real party in interest and/or parent per represented party, and; now, do not include the names of firms/ attorneys who are already on the docket).

**Oral Argument** *Rule 34 – Practice Notes:* Shortens the time to 7 days from notification by the Clerk's Office (via Notice of Docket Activity) that the case is fully briefed in which counsel must advise the Clerk's Office of schedule conflicts; Clarifies argument time per side (not per attorney).

**Service Rule** *25(e):* Three additional days are NOT added to the time to file a responsive document because the court considers service by email through CM/ECF to be delivered when transmitted.

**Statement Concerning Discrimination** *Rules 15(c), 15(c)(2):* When a claim of discrimination is made in a motion or brief, the respondent must now state, in a responsive motion or brief: whether the respondent concurs or disagrees with the petitioner's statement concerning discrimination and indicate whether or not the respondent believes that the court has jurisdiction over the petition for review, with reasons provided as necessary.